IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CONSTRUCTION WORKERS' TRUST FUND, by David Allison, Trustee<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | |
| LABORERS' DISTRICT COUNCIL PENSION FUND FOR BALTIMORE AND VICINITY, by David Allison, Trustee<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | CIVIL ACTION NO. _____ |
| LABORERS' DISTRICT COUNCIL TRAINING FUND FOR BALTIMORE AND VICINITY, by David Allison, Trustee<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | |
| BALTIMORE/WASHINGTON LABORERS' DISTRICT COUNCIL<br>5627 Allentown Road, Suite 207<br>Camp Springs, Maryland 20746 | * | |
| MID-ATLANTIC LABORERS' POLITICAL LEAGUE<br>5627 Allentown Road, Suite 207<br>Camp Springs, Maryland 20746 | * | |
| LABORERS' & EMPLOYER COOPERATION & EDUCATION TRUST<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | |
| CONSTRUCTION INDUSTRY ADVANCEMENT PROGRAM, INC.<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | |
| LABORERS' BENEFIT FUNDS<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | * | |

Plaintiffs

| | |
|---|---|
| vs. | * |
| | |
| MCM MANAGEMENT CORP. | * |
| (d/b/a Best Wrecking Company) | |
| 35980 Woodward Avenue, Suite 210 | * |
| Bloomfield Hills, Michigan 48304 | |
| | * |
| **SERVE ON:** | |
|     Resident Agent | * |
|     The Corporation Trust Incorporated | |
|     351 West Camden Street | * |
|     Baltimore, MD  21201-7912 | |
| | * |
|     Defendant | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

## INTRODUCTION

1. This is an action to: (a) enforce the terms of a collective bargaining agreement, (b) collect delinquent employer contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., (c) enjoin future violations of the collective bargaining agreement and ERISA, and (d) enforce the terms of a settlement agreement previously entered into by the parties.

## JURISDICTION

2. This Court has subject matter jurisdiction of Counts I-IV pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of Counts V-VII pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

6175622.2 04876/133705 06/04/2018

## PARTIES

3. Plaintiff Construction Workers' Trust Fund ("CWTF") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the CWTF, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the CWTF, which joint board of trustees is the plan sponsor of the CWTF within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). Laborers' District Council Vacation Fund for Baltimore and Vicinity, an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), merged into the CWTF. Therefore, wage deductions for vacation benefits are paid to the CWTF. The vacation deductions are in addition to required contributions for health and wealth benefits.

4. Plaintiff Laborers' District Council Pension Fund for Baltimore and Vicinity ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint

board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5. Plaintiff Laborers' District Council Training Fund for Baltimore and Vicinity ("Training Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Plaintiff Baltimore/Washington Laborers' District Council ("Union") is an unincorporated labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

7. Plaintiff Mid-Atlantic Laborers' Political League ("LPL") is an unincorporated political action committee.

8. Plaintiff Laborers' & Employer Cooperation and Education Trust ("LECET") is a management-labor association as defined by the Labor Management

Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

9. Plaintiff Construction Industry Advancement Program, Inc. ("CIAP") is a corporation organized and existing under the laws of the State of Maryland and is an organization designed to facilitate and supplement the financing of legitimate construction industry and building trade activities.

10. Laborers' Benefit Funds is the authorized and appointed local agent for collections for the CWTF, Pension Fund, Training Fund, Union, LPL, LECET, and CIAP (collectively, the "Funds").

11. Defendant MCM Management Corp. (a/k/a Best Wrecking Company and d/b/a MCM Industrial Services Corp.) ("MCM") is a Michigan corporation that employs members of the Union to work on various projects in the mid-Atlantic area, including within this judicial district.

## COLLECTIVE BARGAINING AGREEMENT

12. At all times relevant to this action, MCM was subject to a collective bargaining agreement ("CBA") with the Union. The CBA provides for the rates of pay, wages, hours of employment, and other conditions of employment for MCM's employees covered by said CBA. The CBA specifically provides for the payment by MCM to the CWTF, Pension Fund, Training Fund, LECET, and CIAP of specified sums of money for each hour worked by each of MCM's employees covered by said CBA. All payments are to be made by the 20th each month following the month in which the hours were worked, and such payments are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed to each Fund.

13. The CBA further provides for certain authorized deductions from the wages of MCM's employees. Specifically, union dues are to be deducted from employees' wages and remitted to the Union. Amounts for vacation benefits are to be deducted from employees' wages and remitted to the CWTF. LPL remittances are to be deducted from employees' wages and remitted to the LPL.

14. The CBA further provides that a contributing employer shall permit an audit of its wage and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

### ERISA SECTION 502(g)

15. Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions. The CBA provides that interest at the rate of eighteen percent (18%) per year applies to delinquent contributions to the CWTF, Pension Fund, and Training Fund, and that liquidated damages in the amount of twenty percent (20%) will be assessed on the principal amount of such delinquent contributions payments. The CBA also provides that an employer that is delinquent will be responsible for reasonable attorneys' fees and costs incurred in collecting the delinquent contributions.

### 2017 SETTLEMENT AGREEMENT

16. In February 2017, the Funds filed a lawsuit against MCM in the United States District Court for the District of Maryland, captioned as *Construction Workers' Trust*

*Fund et al v. MCM Management Corp. d/b/a Best Wrecking Company*, Case No. 17-cv-00529-JKB ("2017 Lawsuit").

17. In April 2017, the Funds and MCM settled the 2017 Lawsuit pursuant to an agreement ("2017 Settlement Agreement").

18. In the 2017 Settlement Agreement, the Funds agreed to forbear collecting liquidated damages (totaling $47,343). This forbearance was conditioned on MCM paying contributions it owes for work during March 2017 through September 2018 within five (5) days such contributions are due. In consideration for this forbearance, MCM agreed that if it breached its obligation under the 2017 Settlement Agreement (to pay contributions for March 2017 through September 2018 within five (5) days such contributions are due), that it shall consent to the entry of judgment against it for $47,343, and MCM expressly waived all defenses to such entry of judgment against it.

19. MCM failed to pay the Funds contributions for work during November 2017 through January 2018, March 2018, and April 2018 within five (5) days such contributions were due, and accordingly, MCM owes $47,343 to the Funds.

## Count One
### Claims of CWTF Against MCM (Health and Welfare)

20. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-19.

21. MCM has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the CWTF for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

22. As a result of MCM's breach of the 2017 Settlement Agreement, MCM must pay the CWTF liquidated damages owed in the amount of $26,631.35 for the months of September 2015 through February 2017.

23. Based on the failure of MCM to pay employee fringe benefit contributions in a timely manner for prior months, the CWTF believes that MCM will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the CWTF prays:

a. That this Court order MCM to make all of its wage and business records available to the CWTF's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against MCM in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of March 2018 and April 2018;

c. That judgment be entered against MCM in the amount of $26,631.35 in liquidated damages on late-paid contributions for the months of September 2015 through February 2017;

d. That judgment be entered against MCM in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

e. That the CWTF be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

### Count Two
### Claims of Pension Fund Against MCM

24. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-23.

25. MCM has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

26. As a result of MCM's breach of the 2017 Settlement Agreement, MCM must pay the Pension Fund liquidated damages owed in the amount of $11,023.68 for the months of September 2015 through February 2017.

27. Based on the failure of MCM to pay employee fringe benefit contributions in a timely manner for the prior months, the Pension Fund believes that MCM will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Pension Fund prays:

    a. That this Court order MCM to make all of its wage and business records available to the Pension Fund's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against MCM in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of March 2018 and April 2018;

c. That judgment be entered against MCM in the amount of $11,023.68 in liquidated damages on late-paid contributions for the months of September 2015 through February 2017;

d. That judgment be entered against MCM in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

e. That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f. That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

g. That such other relief be granted as this Court deems just and proper.

### Count Three
### Claims of CWTF Against MCM (Vacation)

28. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-27.

29. MCM has failed and refused to file reports and remit the required wage deductions due and owing to the CWTF for hours worked by MCM's employees for the months

of March 2018 and April 2018, and owes wage deductions, interest and liquidated damages in amounts to be determined for those months.

30.     As a result of MCM's breach of the 2017 Settlement Agreement, MCM must pay the CWTF liquidated damages owed in the amount of $6,794.50 for the months of September 2015 through February 2017.

31.     Based on the failure of MCM to remit wage deductions in a timely manner for the prior months, the CWTF believes that MCM will continue to fail to remit required wage deductions in a timely manner for future months.

WHEREFORE, the CWTF prays:

a.     That this Court order MCM to make all of its wage and business records available to the CWTF's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against MCM in an amount to be determined for unremitted wage deductions, liquidated damages and interest owed for the months of March 2018 and April 2018;

c.     That judgment be entered against MCM in the amount of $6,794.50 in liquidated damages on late-paid contributions for the months of September 2015 through February 2017;

d.     That judgment be entered against MCM in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and

liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

    e. That the CWTF be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

## Count Four
## Claims of Training Fund Against MCM

  32. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-31.

  33. MCM has failed and refused to file reports and to pay the required employee fringe benefit contributions due and owing to the Training Fund for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

  34. As a result of MCM's breach of the 2017 Settlement Agreement, MCM must pay the Training Fund liquidated damages owed in the amount of $2,893.70 for the months of September 2015 through February 2017.

  35. Based on the failure of MCM to pay employee fringe benefit contributions in a timely manner for the prior months, the Training Fund believes that MCM will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Training Fund prays:

      a.    That this Court order MCM to make all of its wage and business records available to the Training Fund's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

      b.    That judgment be entered against MCM in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of March 2018 and April 2018;

      c.    That judgment be entered against MCM in the amount of $2,893.70 in liquidated damages on late-paid contributions for the months of September 2015 through February 2017;

      d.    That judgment be entered against MCM in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

      e.    That the Training Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      f.    That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

      g.    That such other relief be granted as this Court deems just and proper.

### Count Five
### Union's Claim Against MCM for Breach of CBA

36.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-35.

37. MCM has failed and refused to file reports and remit the required wage deductions due and owing to the Union for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes wage deductions and interest in amounts to be determined for those months.

38. Based on the failure of MCM to remit the required wage deductions in a timely manner for prior months, the Union believes that MCM will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a. That this Court order MCM to make all of its wage and business records available to the Union's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against MCM in an amount to be determined for unremitted wage deductions and interest owed for the months of March 2018 and April 2018;

c. That judgment be entered against MCM in the amount of all unremitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

d. That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e. That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

f. That such other relief be granted as this Court deems just and proper.

## Count Six
## LPL's Claim for Breach of CBA Against MCM

39. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-38.

40. MCM has failed and refused to file reports and to remit the required wage deductions due and owing to the LPL for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes wage deductions and interest in amounts to be determined for those months.

41. Based on the failure of MCM to remit the required wage deductions in a timely manner for prior months, the LPL believes that MCM will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the LPL prays:

    a.    That this Court order MCM to make all of its wage and business records available to the LPL's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b.    That judgment be entered against MCM in an amount to be determined for unremitted wage deductions and interest owed for the months of March 2018 and April 2018;

    c.    That judgment be entered against MCM in the amount of all unremitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

    d.    That the LPL be afforded post-judgment interest, reasonable attorneys' fees and its costs;

...

  e. That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

  f. That such other relief be granted as this Court deems just and proper.

## Count Seven
### LECET's Claim for Breach of CBA Against MCM

42. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-41.

43. MCM has failed and refused to file reports and to pay the required contributions due and owing to the LECET for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes contributions and interest in amounts to be determined for those months.

44. Based on the failure of MCM to pay contributions in a timely manner for prior months, the LECET believes that MCM will continue to fail to pay contributions in a timely manner for future months.

WHEREFORE, the LECET prays:

  a. That this Court order MCM to make all of its wage and business records available to the LECET's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

  b. That judgment be entered against MCM in an amount to be determined for unpaid contributions and interest owed for the months of March 2018 and April 2018;

        c.     That judgment be entered against MCM in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

        d.     That the LECET be afforded post-judgment interest, reasonable attorneys' fees and its costs;

        e.     That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

        f.     That such other relief be granted as this Court deems just and proper.

### Count Eight
### CIAP's Claim for Breach of CBA Against MCM

45.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-44.

46.    MCM has failed and refused to file reports and to pay the required contributions due and owing to the CIAP for hours worked by MCM's employees for the months of March 2018 and April 2018, and owes contributions and interest in amounts to be determined for those months.

47.    Based on the failure of MCM to pay contributions in a timely manner for prior months, the CIAP believes that MCM will continue to fail to pay contributions in a timely manner for future months.

WHEREFORE, the CIAP prays:

        a.     That this Court order MCM to make all of its wage and business records available to the CIAP's auditors to determine the exact amount owed for March 2018 and April 2018, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b.  That judgment be entered against MCM in an amount to be determined for unpaid contributions and interest owed for the months of March 2018 and April 2018;

    c.  That judgment be entered against MCM in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

    d.  That the CIAP be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    e.  That MCM be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

    f.  That such other relief be granted as this Court deems just and proper.

Date:  June 5, 2018

                  */s/ Robert A. Gaumont*
                  Robert A. Gaumont (Fed Bar. No. 26302)
                  Gordon Feinblatt LLC
                  233 East Redwood Street
                  Baltimore, Maryland 21202
                  Tel: (410) 576-4007
                  Fax: (410) 576-4269
                  rgaumont@grflaw.com

                  *Attorney for Plaintiffs*